UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CAROLYN CLEMENTS,<br>    *Plaintiff*,<br><br>  v.<br><br>CHRISTINE E. WORMUTH, Secretary,<br>United States Department of the Army,<br>    *Defendant.* | No. 1:24-cv-142-MSN-WEF |

**MEMORANDUM OPINION AND ORDER**

  This matter comes before the Court on Defendant's Motion to Dismiss. ECF 8. Plaintiff's complaint sets forth Title VII allegations of race- and sex-based discrimination after her request for a "desk audit" was denied. For the reasons that follow, this Court will GRANT Defendant's Motion and DISMISS Plaintiff's claims.

**I.  BACKGROUND[1]**

  Plaintiff Carolyn Clements, a Black female, started her employment with the U.S. Department of the Army in 1986. ECF 3 (Amended Complaint) ("Compl") at ¶¶ 2, 14. Clements worked as an Acquisition and Training Policy Specialist, a GS-13 level position with the Army's Communications Electronics Command (CECOM). *Id.* at ¶ 15. On or about September 26, 2019, Clements requested a "desk audit" because she and her supervisor, Richard P. Sirney, believed she was performing high-level work that was more equivalent to a GS-14 position. *Id.* at ¶¶ 3, 29. She thus sought such a desk audit to update to her job duties, classification, and pay. *Id.* at ¶ 34. On or about May 1, 2020, Clements' position description was updated to include additional duties;

---

[1] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of this motion. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

however, she was not granted a desk audit. *Id.* at ¶¶ 44-47. In June 2020, Clements requested another desk audit but was again denied. *Id.* at ¶¶ 48-51. Clements worked with Mr. Sirney to continue revising the language for her position description, but faced a five-month delay in receiving an update. *Id.* at ¶¶ 53, 65. Eventually, in May 2021, Clements was told that her position description would be updated but that, again, she would remain classified at a GS-13 level. *Id.* at ¶ 72.

Clements points to the experience of her white male colleague, Mark Majkowski, who also requested a desk audit and position description upgrade around the same time. *Id.* at ¶¶ 5, 71. Majowski did not initially receive a GS-14 position upgrade, but he obtained an updated position description like Clements. *Id.* at ¶ 81. But then, Majkowski was encouraged to apply for a GS-14 IT Specialist Position and was thereafter promoted to a GS-14 position without a formal announcement in 2020. *Id.* at ¶¶ 82, 83. Clements claims that she "was not informed of this competitive opportunity and missed the opportunity for promotion when agency leadership was aware that she and Mr. Majkowski had the same goal of being promoted to the GS-14 level." *Id.* at ¶ 7.

Accordingly, Clements contacted the EEO Office in June 2021 because of CECOM's decision to "refus[e] to upgrade her position description to a GS-14 for GS-14 level work [while] her white male counterpart [was] steered to a GS-14 level position for which he was selected." *Id.* at ¶ 84. After an unsuccessful mediation attempt, Clements filed a formal EEOC Complaint on September 11, 2021. *Id.* at ¶¶ 85, 86. The Agency ultimately issued its final decision on February 1, 2023, finding Clements Title VII and Age Discrimination in Employment Act ("ADEA") claims unfounded. *Id.* at ¶ 95. Clements' appeal was dismissed. *Id.* at ¶¶ 96, 97. Clements timely files suit

under Title VII, based on the Army's refusal to upgrade Clements to a GS-14 level position like her white counterpart.[2] *See generally* Compl.

## II.     LEGAL STANDARD

Courts may dismiss a claim when the complaint fails "to state a claim upon which relief can be granted."[3] Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.l. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). But this Court need not credit conclusory allegations. *See Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009).

In Title VII employment discrimination cases, the standard is the same. "A plaintiff is not required to plead facts that constitute a prima face case . . . [but] factual allegations must be enough to raise a right to relief about the speculative level." *Robinson v. Loudoun County Public Schools*, 2017 WL 3599639, at *3 (E.D.V.A. Aug. 18, 2017) (cleaned up and internal citations and quotations omitted).

## III.    ANALYSIS

This Court will dismiss Plaintiff's Title VII discrimination claims on the grounds that (A) Plaintiff failed to exhaust a portion of her claim; and (2) Plaintiff failed to state a claim for her properly exhausted claim.

---

[2] Clements is not pursuing her ADEA claims in this suit.
[3] Plaintiff misstates the applicable legal standard as one for summary judgment, *see* ECF 11 at 6, but this matter comes before the Court on Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

### A.     Failure to Exhaust

This Court finds that Plaintiff's claim for race- and sex-based discrimination based on the Army's refusal to promote her to GS-14 IT Specialist Position is not exhausted. To properly exhaust a discrimination claim, the underlying challenged action must have been brought to the attention of an EEO counselor within 45 days of the action. *See* 29 C.F.R. § 1614.105(a). Here, the IT Specialist position was advertised in May 2020, and Majkowski was ultimately promoted to the role in the same year. Compl. at ¶¶ 82, 83. But Clements did not contact the EEO office until June 1, 2021. *Id.* at ¶ 84. Because Clements failed to contact the EEO office within 45 days of her purported "non-selection" or "failure to be promoted" to the GS-14 IT Specialist Position, this claim was not properly exhausted.

### B.     Failure to Allege Race or Sex-Based Discrimination

This Court finds that Plaintiff has failed to adequately allege race or sex-based discrimination for her exhausted claim: the Army's denial of her request to obtain a GS-14 position upgrade. To properly bring a Title VII disparate treatment claim, Plaintiff must plausible allege that "(1) [s]he belongs to a protected class; (2) [s]he suffered an adverse employment action; (3) at the time of the adverse action, [s]he was performing h[er] job at a level that met h[er] employer's legitimate expectations and was qualified for the promotion; and (4) [s]he was rejected under circumstances giving rise to an inference of unlawful discrimination." *Adams v. Trustees of the Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011).

Here, Plaintiff fails to allege facts sufficient to support her claim that the Army refused her request for an upgrade *because* of her race or sex. Plaintiff merely states that the Army made these decisions "because of race" and "because of sex." *See* Compl. at ¶¶ 103, 108. But she "does not assert facts establishing the plausibility of that allegation." *Coleman v. Maryland Court of Appeals*,

626 F.3d 187, 191 (4th Cir. 2010). And this Court need not accept her conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, because Plaintiff's allegations fail to "rise above speculation" she has "failed to state a Title VII race [or sex] discrimination claim." *Coleman*, 626 F.3d at 191.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (8) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims are **DISMISSED**.

The Clerk is directed to close this civil action.

It is **SO ORDERED.**

                                              **SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

October 30, 2024
Alexandria, Virginia